IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN W. LENTZ,

    Plaintiff,                       No. CIV S-04-2617 LKK DAD P

    vs.

DR. ATHAUASSIOUS, et al.,

    Defendants.               <u>ORDER</u>

           Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

           Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

           Plaintiff is required to pay the statutory filing fee of $150.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $2.12 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1  preceding month's income credited to plaintiff's prison trust account.  These payments will be
2  forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's
3  account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

4  The court is required to screen complaints brought by prisoners seeking relief
5  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
6  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
7  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
8  granted, or that seek monetary relief from a defendant who is immune from such relief.  28
9  U.S.C. § 1915A(b)(1),(2).

10  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
11  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
12  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
13  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
14  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
15  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
16  Cir. 1989); Franklin, 745 F.2d at 1227.

17  A complaint, or portion thereof, should only be dismissed for failure to state a
18  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
19  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &
20  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
21  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
22  complaint under this standard, the court must accept as true the allegations of the complaint in
23  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
24  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
25  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
26  /////

1    In his complaint case, plaintiff alleges that on August 3, 2004, he slipped on a wet
2  floor and was seen by defendant Dr. Athauassious for medical treatment.  Plaintiff contends that
3  Dr. Athauassious remarked, "Should I call x-ray or . . . [are you] going to stop this charade?"
4  (Compl. at 8-9.)  Defendant Athauassious also allegedly had plaintiff sit up from the gurney even
5  though plaintiff was experiencing severe pain.  Next, plaintiff alleges that on October 22, 2004
6  and November 1, 2004, defendant Dr. Mehta refused to renew plaintiff's pain medication without
7  first reviewing plaintiff's medical records.  Finally, plaintiff asserts that on November 15, 2004,
8  he was seen by a neurologist who recommended back surgery.  The first level decision on
9  plaintiff administrative appeal, dated September 9, 2004, provides:

> You were examined by the MOD, Dr. Athanassious and after examination you were prescribed a muscle relaxant and a non-steroidal anti-inflammatory medication for 10 days.  There were no visible injuries and x-ray results showed mild degenerative changes.  You have been treated by your primary physician since and provided continuing pain medication.  No medical necessity has been established by your primary physician to warrant further diagnostic testing or referral.
>
> Based on our review of the issues involved, it is persuasive that you are being treated for your complaint of back pain and are scheduled for follow-up.

17 (Compl., Attach., First Level Appeal, dated September 9, 2004, at 1.)

18    To prevail on an Eighth Amendment claim of inadequate medical care, plaintiff
19 must prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious
20 medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  Such a claim has two elements:
21 "the seriousness of the prisoner's medical need and the nature of the defendant's response to that
22 need."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991).

23    A medical need is serious "if the failure to treat the prisoner's condition could
24 result in further significant injury or the 'unnecessary and wanton infliction of pain.'"
25 McGuckin, 974 F.2d at 1059 (quoting Estelle v. Gamble, 429 U.S. at 104).  Indications of a
26 serious medical need include "the presence of a medical condition that significantly affects an

3

1 individual's daily activities." Id. at 1059-60.  In demonstrating the existence of a serious medical
2 need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation.
3 See Farmer v. Brennan, 511 U.S. 825, 834 (1994).

4      If a prisoner establishes the existence of a serious medical need, then he must
5 show that prison officials responded to the serious medical need with deliberate indifference.
6 Proof that the defendants acted with deliberate indifference is required to satisfy the subjective
7 prong of the two-part test applicable to Eighth Amendment claims.  See Farmer, 511 U.S. at 834.
8 Before it can be said that a prisoner's civil rights have been abridged with regard to medical care,
9 "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or
10 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories,
11 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).  Deliberate indifference is
12 "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of
13 due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835 (quoting Whitley, 475
14 U.S. at 319).  Mere differences of opinion between a prisoner and prison medical staff as to
15 proper medical care do not give rise to a § 1983 claim.  See Sanchez v. Vild, 891 F.2d 240, 242
16 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1334 (9th Cir. 1981).

17      The court finds that plaintiff has not set forth sufficient allegations in his
18 complaint demonstrating that he suffered a serious medical need or that defendants acted with
19 deliberate indifference in response thereto.  The fact that defendant Dr. Athanassious may have
20 made an offensive remark to plaintiff does not state a cognizable Eighth Amendment claim.
21 Moreover, the fact that one physician has recommended that plaintiff undergo back surgery and
22 that surgery has not taken place does not establish that the medical care provided to plaintiff by
23 defendants was constitutionally inadequate.  Finally, plaintiff allegations appear to amount to a
24 difference of opinion between plaintiff and defendants regarding plaintiff's medical condition
25 and the appropriate medical treatment for that condition.  Therefore, the court will dismiss the
26 complaint and grant plaintiff leave to file an amended complaint to cure these defects.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $150.00 for this action. Plaintiff is assessed an initial partial filing fee of $2.12. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal

1  Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the
2  docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must use
3  the form complaint provided by the court; plaintiff must file an original and two copies of the
4  amended complaint; failure to file an amended complaint in accordance with this order will result
5  in a recommendation that this action be dismissed.
6         5. The Clerk of the Court is directed to provide plaintiff with the court's form
7  complaint for a section 1983 action.
8  DATED: August 22, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
lent2617.14

6